# CIRCUIT COURT OF THE CITY OF RICHMOND

The Lehner Family
Business Trust

v.

United Leasing Corp. et al.

June 20, 2006

Case No. CL06-156

BY JUDGE MELVIN R. HUGHES, JR.

In a five count complaint alleging civil conspiracy, conversion, aiding and abetting, tortious interference, and breach of contract, Plaintiff, a business trust, seeks a recovery of $5,000,000 in compensatory, treble, and punitive damages against a corporation, an individual alleged to control the corporation, and a law firm. Plaintiff alleges that Defendant United Leasing Corporation (ULC) has engaged in a number of fraudulent acts in its commercial dealings and with customer accounts. These include the use of a "dummy company," United Refuse, L.L.C., in various schemes to delay and hinder creditors with the "active participation" of the Defendant law firm. The allegations center around ULC's dealings with Garcia, Inc., a trash removal company. Plaintiff, as assignee of Garcia's claims and rights, claims damages and losses associated with the various fraudulent dealings charged.

Presently, there are two matters before the court for decision (1) a motion by United Refuse, L.L.C., a non party, to intervene and (2) a motion to disqualify Steven S. Biss, Plaintiff's counsel.

*Motion to Intervene*

The relevant portion of Rule 3:14 provides:

A new party may by leave of court file a pleading to intervene as a plaintiff or defendant to assert any claim or defense germane to the subject matter of the proceeding.

As noted, Plaintiff alleges in its Motion for Judgment that United Leasing used United Refuse as a dummy company to perpetrate fraud, gain an unfair advantage, and commit injustice. (M.J. ¶ 6; see also M.J. ¶¶ 19, 20, 21, 22, 25, 26, 29, 34, 49.) Plaintiff further alleges that, since 2002, United Leasing has used United Refuse to hinder, delay, and defraud creditors, including the United States Department of the Treasury and Garcia. (*Id.*)

Although Plaintiff claims that United Leasing and United Refuse are one and the same and, therefore, chooses not to sue United Refuse directly, Plaintiff, in effect, states a cause of action against United Refuse. For example, Plaintiff alleges that United Refuse participated in a conspiracy to convert property fraudulently transferred to it.

Under these circumstances, the court will allow United Refuse to intervene so as to assert a defense to the allegations contained in the Motion for Judgment. Its proposed defenses are germane to the subject matter raised and attributable to it throughout the motion for judgment (now Complaint).

### *Motion to Disqualify*

Steven S. Biss, Esq., represents Plaintiff. It is uncontroverted that, in February of 2004, Biss filed an action in this court on behalf of United Refuse against United Leasing and Edward Shield, two of the defendants in this matter. (*United Refuse, L.L.C. v. United Leasing Corp. and Edward H. Shield,* Case # LS-3423.) That action sought a declaratory judgment as to the ownership of United Refuse and asserted that United Refuse was a legitimate and independent entity separate from United Leasing. Of course, Biss makes the opposite assertion here. Additionally, in the prior suit, Biss alleged that United Refuse had properly purchased Garcia's assets that he now alleges were fraudulently acquired by United Leasing and transferred to United Refuse.

In opposition to the Motion to Disqualify, Biss cites Legal Ethics Opinion # 1596, which states:

> [E]arlier representation of a client who is now the adverse party in a suit brought on behalf of another client is not per se sufficient to warrant disqualification of the lawyer on ethical grounds. Additional critical factors to the determination of disqualification are the relatedness of the two matters and the issue of whether the lawyer obtained secrets and confidences of the first client in the course of the representation.

Contrary to Biss' argument, there is a "relatedness" in the two proceedings. There is a common thread of facts and issues which are identical or essentially the same. *See e.g. Rogers v. Pittston Co.*, 800 F. Supp. 350 (W.D. Va. 1992). Then, there is the high likelihood that Biss acquired information about United Refuse during his prior representation that would assist him in the course of this litigation because he argued a directly contrary position in the previous case. The court finds that Mr. Biss' representation of Plaintiff would violate Virginia Rule of Professional Conduct 1.9, which provides in part:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless both the present and former client consent after consultation. . . .
>
> (c) A lawyer who has formerly represented a client in a matter . . . shall not thereafter:
>
> (1) Use information relating to or gained in the course of the representation to the disadvantage of the former client except as Rule 1:6 or Rule 3.3 would permit or require with respect to a client. . . .
>
> (2) Reveal information relating to the representation except as Rule 1:6 or Rule 3.3 would permit or require with respect to a client.

Neither of the excepted Rules applies here. This ruling is not made lightly. A party seeking to disqualify counsel of another party in a case has a high burden because parties using our courts should be free to engage counsel of their choice. *Tessier v. Plastic Surgery Specialists, Inc.*, 731 F. Supp. 724, 729 (E.D. Va. 1990). However, the case is made here for disqualification.

For the foregoing reasons, United Refuse's Motion to Intervene and Defendants' Motion to Disqualify Mr. Biss are granted.