# CIRCUIT COURT OF FAIRFAX COUNTY

Gary Youngblood,
executor
of the estate of
Donald Youngblood,
deceased

v.

Anthony Fasano,
Paul Baccone,
Berwyn Mortgage,
and Chantilly Specialists, Ltd.

October 4, 2010

Case No. CL-2009-18188

By Judge Jonathan C. Thacher

This matter comes to the Court on Plaintiff's Motion for Default Judgment as to Chantilly Specialists, Ltd., and Plaintiff's Motion to Strike Chantilly Specialist's Responsive Pleadings. Upon consideration of the pleadings, the arguments of counsel, and the applicable governing authorities, the Court grants Plaintiff's Motion to Strike Chantilly Specialist's Responsive Pleadings and grants Plaintiff's Motion for Default Judgment as to Chantilly Specialists, Ltd.

### Background

On December 22, 2009, Plaintiff Gary Youngblood as executor of the estate of Donald Youngblood, filed suit against Defendants Dr. Anthony Fasano, Paul Baccone, Berwyn Mortgage, and Chantilly Specialists, Ltd. ("Chantilly") (collectively "Defendants"), alleging Defendants' medical malpractice resulted in the death of Donald Youngblood.

According to Youngblood's complaint, Dr. Fasano was negligent and breached the applicable standard of care while treating Donald Youngblood.

The complaint further alleges that Chantilly is vicariously liable for Dr. Fasano's negligence because Chantilly employed Dr. Fasano at their medical clinic during this time. Lastly, the complaint alleges Chantilly "was, at all times relevant to this dispute, a Virginia corporation."

On April 29, 2009, Youngblood served his complaint on Chantilly through its properly registered agent, John Bond. Youngblood also attempted to serve Dr. Fasano through Mr. Bond.

On April 29, 2010, Mr. Bond drafted a letter to Youngblood acknowledging receipt of the complaint. The letter goes on to explain that the medical services company who provided medical care to Gary Youngblood was a Maryland company not related to his client Chantilly. According to Mr. Bond, "the Maryland company sold its asserts to [his client] Chantilly Specialists, Ltd., of Virginia . . . the new company is not related to the Maryland corporation . . . and the medical clinic that provided medical services to Gary Youngblood was the Maryland corporation." Mr. Bond's letter also states that he is not the registered agent of Dr. Fasano.

Despite Mr. Bond's letter acknowledging receipt of the complaint, neither Chantilly nor Dr. Fasano filed a response. Youngblood, therefore, filed a Motion for Default against both Defendants on May 25, 2010.

The Court heard Youngblood's Motion for Default on June 4, 2010. The Court held that default was appropriate against Chantilly, but not against Dr. Fasano. The Court determined that service was insufficient against Dr. Fasano individually because Youngblood never served Dr. Fasano in accordance with Va. Code § 8.01-296. Accordingly, the Court granted default against Chantilly but denied the same against Dr. Fasano. The Court instructed counsel for Youngblood, John Blazer, to submit an order reflecting this ruling in accordance with Fairfax Practice Manual Rule E-8.18. Mr. Blazer, however, left the courthouse and never submitted an order.

On June 8, 2010, Chantilly filed a Motion to Vacate the Court's June 4, 2010, default judgment. However, as a result of Mr. Blazer's failure to follow instructions, the Court never entered a default order against Chantilly. Because there was no default order entered, Chantilly's motion to vacate was moot. Chantilly's motion was removed from the Court's docket and never re-noticed.

On July 21, 2010, "Chantilly Specialists, Ltd., a Maryland corporation" ("Chantilly of Maryland") filed an answer to Youngblood's complaint. Chantilly of Maryland did not seek the Court's permission to file this answer. Furthermore, it does not appear Chantilly of Maryland is even a Defendant in this suit because paragraph seven of the complaint identifies Defendant Chantilly Specialists, Ltd., as a Virginia Corporation.

On July 23, 2010, Youngblood filed a Motion for Default Judgment as to Chantilly and a Motion to Strike Chantilly Specialist's July 21, 2010, Responsive Pleadings. According to Youngblood, the Court should discard

Chantilly of Maryland's responsive pleading because it was filed without leave, and the Court should enter default judgment against Chantilly because they failed to file any responsive pleadings.

The Court held a hearing on Youngblood's motions on August 20, 2010. During the hearing, it was revealed that Defendant Chantilly, the Virginia corporation, had yet to file a responsive pleading. Following oral arguments, the Court opted to take these motions under advisement.

*Analysis*

A. *Plaintiff Youngblood's Motion to Strike Chantilly's Responsive Pleadings*

Plaintiff Youngblood argues that the Court should strike Chantilly of Maryland's answer filed on July 21, 2010, because it was filed without leave of Court.

Under Virginia Supreme Court Rule 3:14, a "new party *may by leave of court* file a pleading to intervene as a plaintiff or defendant to assert any claim or defense germane to the subject matter of the proceeding." (Emphasis added.) Rule 3:14 clearly requires the Court to grant leave before any unnamed party can assert claims or defenses that appear germane to the proceeding. *See generally Stephen v. Dickens*, 63 Va. Cir. 403 (2003); *Lehner Family Bus. Trust v. United Leasing Corp.*, 71 Va. Cir. 150 (2006).

In this case, Chantilly of Maryland is an unnamed party. Youngblood's complaint only alleges claims against "Chantilly Specialists, Ltd., a Virginia corporation," and does not name Chantilly of Maryland. Additionally, Paragraph seven of the complaint specifically identifies Defendant Chantilly as a Virginia corporation, and not a Maryland corporation. Moreover, Mr. Bond argues in his April 29, 2010, letter that Chantilly of Maryland is not a named defendant. The letter specifically states, "I believe the allegations in Paragraph 7 will negate any service on or naming of the Maryland corporation [Chantilly of Maryland] as a defendant." The Court agrees with Mr. Bond's assessment that Youngblood's complaint does not name Chantilly of Maryland as a defendant.

As an unnamed party in this case, Rule 3:14 required Chantilly of Maryland to attain leave of the Court before filing any responsive pleadings. Chantilly of Maryland, however, filed their responsive answer on July 21, 2010, without permission of the Court. Because the Court never granted Chantilly of Maryland leave to file this responsive pleading as required, it is improperly before this Court. Accordingly, Plaintiff's motion to Strike Chantilly Specialist's Responsive Pleadings is granted.

## B. *Plaintiff Youngblood's Motion for Default Judgment as to Chantilly Specialists, Ltd.*

Plaintiff Youngblood asserts that the Court should enter default judgment against Chantilly because Chantilly has failed to file a responsive pleading as required.

Pursuant to Virginia Supreme Court Rule 3:8, defendants are required to file responsive pleadings within twenty-one days after service of the complaint. Specifically, Rule 3:8 states "[a] defendant shall file pleadings in response within 21 days after service of the summons and complaint upon that defendant. . . ."

Virginia Supreme Court Rule 3:19 applies when defendants fail to file a responsive pleading as mandated by Rule 3:8. Rule 3:19 states in relevant part, "[a] defendant who fails timely to file a responsive pleading as prescribed in Rule 3:8 is in default."

In this case, Youngblood properly served his complaint on Chantilly's registered agent, Mr. Bond, and the complaint adequately states a claim against Chantilly. Chantilly, however, has failed to file a responsive pleading to this complaint as required by Rule 3:8. Accordingly, Chantilly stands in default under Rule 3:19.

Notwithstanding, Mr. Bond argues that default is inappropriate here because Chantilly did not exist when the alleged negligence occurred. Mr. Bond further argues that Chantilly of Maryland is the appropriate defendant. These arguments, however, change nothing in our default judgment analysis. The issue presented on this motion for default is whether Chantilly timely filed a responsive pleading as required by Rule 3:8, not whether Chantilly should be held liable. The proper procedure for Mr. Bond to raise these arguments was through a responsive pleading, and not in response to Plaintiff's motion for default.

Because Chantilly is in default according to Rule 3:19 and Chantilly has failed to request a late responsive filing, the Court finds it appropriate to enter default as to Defendant Chantilly Specialists, Ltd. (a/k/a Chantilly Specialists, Ltd., of Virginia). Accordingly, Plaintiff's Motion for Default Judgment as to Defendant Chantilly Specialists Ltd. is granted.

### Conclusion

For the reasons set forth above, Plaintiffs motion to Strike Chantilly Specialist's Responsive Pleadings is granted, and Plaintiff's Motion for Default Judgment as to Chantilly Specialists, Ltd., is granted.